**Lester Dale MORGAN, Plaintiff–
Appellant,**

v.

**STANDARD ELECTRIC COMPANY, INC.; Louisville Electric Joint Apprenticeship & Training Committee, Defendants–Appellees.**

No. 02–5849.

United States Court of Appeals,
Sixth Circuit.

May 2, 2003.

Before CLAY and GIBBONS, Circuit

Judges; and DUGGAN, District Judge.*

## ORDER

Lester Dale Morgan, proceeding pro se and in forma pauperis, appeals the district court order dismissing his employment discrimination action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Morgan sued Standard Electric Company, Inc. (Standard Electric), and Louisville Electric Joint Apprenticeship & Training Committee (Training Committee). Morgan was enrolled as a student with the Training Committee and worked as an apprentice at Standard Electric. He alleged that the defendants wrongfully terminated him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1). The defendants filed motions to dismiss. The district court granted the motions, holding that Morgan's action against the Training Committee was barred by res judicata and that Morgan had no cause of action against Standard Electric because he could not work for the company after the Training Committee terminated him from the apprentice program. The district court also denied Morgan's motion for reconsideration.

In his appeal, Morgan appears to argue that: (1) he was denied due process; (2) the district court erred by denying the motions he filed before the case was dismissed; (3) the district court erred by ruling that Morgan had filed two prior actions; and (4) the defendants colluded to fire him because of his age.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Fed.R.Civ.P. 12(b)(6). *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). Upon review, we conclude that the district court properly dismissed Morgan's complaint.

First, we agree with the district court that res judicata barred Morgan's action against the Training Committee. Issues actually litigated in a state court proceeding are entitled to the same preclusive effect in federal court as provided by the law of the state where the judgment was rendered. *Donovan v. Thames,* 105 F.3d 291, 294 (6th Cir.1997). Under Kentucky law, res judicata, or claim preclusion, may be used to bar entire claims that were brought or should have been brought in a prior action. *Id.* at 295. Morgan sued the Training Committee in the Jefferson County, Kentucky Circuit Court in May 2001. He alleged that the defendants wrongfully terminated him and violated his rights under the Kentucky Civil Rights Act and the National Labor Relations Act. The Jefferson Circuit Court dismissed the action in August 2001. The Jefferson Circuit Court's decision met each of the requirements to bar further litigation against the Training Committee: Morgan sued the Training Committee again in this action, the prior case and this action involved identical causes of action, and the Jefferson Circuit Court dismissed the first case on the merits. *See City of Louisville v.*

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Louisville Prof'l Firefighters Ass'n*, 813 S.W.2d 804, 806 (Ky.1991).

Second, the district court properly held that Morgan did not have an ADEA claim against Standard Electric. An ADEA plaintiff without direct proof of discrimination must establish a prima facie case of discrimination by showing that he was: (1) a member of the protected class; (2) subjected to an adverse employment action; (3) otherwise qualified for the position; and (4) that the position was filled by a younger person. *Hartsel v. Keys*, 87 F.3d 795, 800 (6th Cir.1996). Morgan was unable to establish a prima facie case against Standard Electric because once the Training Committee terminated him as an apprentice, he was no longer qualified to work as an apprentice for Standard Electric.

Moreover, even if Morgan could establish a prima facie case, he could not show that Standard Electric's reason for terminating him was a pretext for discrimination. Morgan alleged that long-term Standard Electric employees considered him a good worker and that a company representative told an unemployment hearing officer that the company would have retained Morgan if the Training Committee had not terminated him. Having admitted that Standard Electric had no discriminatory intent when it terminated him, Morgan cannot claim that Standard Electric's reason for terminating him lacked a basis in fact, did not actually motivate the company's action, or was insufficient to warrant the action. *See Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994).

The district court properly held that res judicata barred Morgan's claim against the Training Committee, and that Morgan did not have a discrimination claim against Standard Electric. For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.